UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TERRI LYNN BROWN,

                Plaintiff,

-vs-                                Case No.  5:08-cv-118-Oc-10GRJ

UNITED STATES OF AMERICA,
COMMISSIONER OF INTERNAL
REVENUE SERVICE, JOHN DOE,
OTHERS YET UNKNOWN,

                Defendants.
_____

# **O R D E R**

The Plaintiff, Terri Lynn Brown, proceeding *pro se*, has filed a seven-count Complaint against the United States of America, the Commissioner of the Internal Revenue Service, John Doe, and others yet unknown who were employees of the IRS and other government agencies alleging violations of her due process and equal protection rights and several state law claims.  (Doc. 1).  The United States has filed an Answer and Counterclaim seeking to reduce to judgment Brown's outstanding federal tax liabilities (Doc. 3).

Presently before the Court are: (1) the United States' Motion to Dismiss (Doc. 8); (2) the United States' Motion for Leave to File an Amended Answer and Counterclaim (Doc. 15); and (3) the United States' Dispositive Motion for Summary Judgment on its Counterclaim (Doc. 13).  Brown has filed responses in opposition to all three motions, (Docs. 9, 16-17), and has asked to reopen discovery to depose IRS Revenue Agent

Richard Hanauer. As discussed more fully below, the Court concludes that the United States' motion to dismiss is due to be granted. The Court further concludes that Brown's request for additional discovery is due to be granted, and that the United States' motion for summary judgment shall be held in abeyance pending the completion of that discovery.

## The United States' Motion to Dismiss

Brown has alleged seven claims against each of the Defendants: (1) two claims under 42 U.S.C. § 1983 and the Fourteenth Amendment based on a deprivation of her right to due process and equal protection rights (Counts I-II); (2) a claim under the Florida Constitution for violation of her state due process rights (Count III); (3) common law claims for intentional infliction of emotional distress and abuse of process (Counts IV-V); (4) a claim under the Florida Constitution and Florida Statutes for invasion of privacy (Count VI); and (6) a claim for punitive damages (Count VII). Brown seeks compensatory and punitive damages from all Defendants, as well as an order reversing the IRS Trust Fund Penalty Liens against her property, and attorney's fees and costs.

On January 29, 2002 and July 21, 2003, the IRS assessed penalties against Brown under 26 U.S.C. § 6672 for purported unpaid employment taxes withheld from the wages of employees of Safe-Deposit, Inc. for the tax periods January 1999 through December 2001.[1] (Doc. 1, ¶ 7). Specifically, the IRS assessed against Brown $30,924.16 for the

---

[1]While not alleged in her Complaint, it is undisputed that at all relevant times, Brown was the president and director of Safe Deposit, Inc., a Florida corporation. In that role, Brown was the person responsible for withholding the corporation's payroll taxes and submitting those taxes to

(continued...)

quarter ending June 30, 2000; $6,322.79 for the quarter ending December 31, 2000; $6,889.61 for the quarter ending March 31, 2001; and $1,066.72 for the quarter ending June 30, 2001. (Id.). Brown alleges that the IRS erred in determining that Brown was liable for a negligence penalty under 26 U.S.C. § 6662(b)(1) with respect to the calendar years 1999 through 2001. (Id., ¶ 8). She further alleges that the IRS improperly filed tax liens against her property (as opposed to the property of Safe-Deposit, Inc.) without giving her any due process and without first attempting to levy the corporation's assets. (Id.). Brown claims that she made numerous attempts to settle her tax dispute, utilized all administrative remedies available to her, unsuccessfully appealed the assessments, and sought the assistance of the IRS's Taxpayer Advocates Office, which gave her erroneous advice. (Id., ¶¶ 8, 13).

Brown also alleges in her Complaint that the corporation's failure to deposit and pay its payroll tax liabilities was "due to reasonable cause," and that all penalties could and should have been waived. (Doc. 1, ¶ 10). She claims that she requested a due process hearing, but that the Defendants contacted the wrong telephone number to reach her for the hearing. Brown was undergoing medical treatment at that time, and requested a new hearing date, which she claims was never granted. (Id., ¶ 11). According to Brown, she was coerced into providing the IRS Taxpayers Advocate Office her confidential medical records, which were then promptly turned over to the IRS, in violation of her privacy rights.

---

[1](...continued)
the IRS.

(Id., ¶ 14).  Brown further alleges that the IRS tricked her into entering into an installment agreement, and that she has been making timely payments for years without any say in how the funds are applied, or any accounting from the IRS.  (Id., ¶ 15).  Lastly, Brown contends that she has not been treated the same as other taxpayers who have been granted abatements, offers in compromise, and other remedies, and therefore her equal protection rights have been violated.  (Id., ¶ 16).

The United States seeks dismissal of all of Brown's claims on the grounds that she has sued improper parties, that the Court lacks subject matter jurisdiction, and that Ms. Brown has failed to state a claim upon which relief can be granted.

I.    The Proper Party-Defendants

The United States first argues that it is the only proper party-defendant for all claims in this case.  Brown does not address this portion of the United States' motion, other than to argue that the United States has waived sovereign immunity, and that she has sufficiently alleged claims against unknown IRS employees in their individual capacities.

The Court notes at the outset that the Internal Revenue Service is not a proper party in this suit.[2]   A federal agency may not be sued in its own name without express

_____

[2]Although Brown lists the Commissioner of the Internal Revenue Service as a defendant in the caption of her case, it is clear that her intention was to sue the agency itself.  She alleges that "Defendant Internal Revenue Service is an Agency of the United States Government located at 400 West Bay Street, Jacksonville, Florida."  (Doc. 1, ¶ 6).  She goes on to allege that the other Defendants - John Doe and others unknown - are individuals and employees of the IRS or other Governmental agencies, and that John Doe and others unknown "are sued in their individual capacities, except as to unknown supervisory employees of the Internal Revenue Service, who are sued in both their official and individual capacities."  (Id.).  There is no mention of any claims
(continued...)

congressional authority, see Blackmar v. Guerre, 342 U.S. 512, 514-15, 72 S.Ct. 410 (1952), and it is clearly established that the IRS is among those agencies for which such authority has not been given.  See e.g., Brewer v. Commissioner, Internal Revenue Service, 435 F. Supp. 2d 1174, 1178-79 (S.D. Ala. 2006); Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989); United States v. Barretto, 708 F. Supp. 577, 582 (S.D.N.Y. 1989); Provenza v. Rinaudo, 586 F. Supp. 1113, 1117 (D. Md. 1984); Krouse v. United States, 380 F. Supp. 2d 219, 221 (C.D. Cal. 1974); see also Korman v. I.R.S., No. 06-80848-CIV-COHN, 2007 WL 404041 at * 1 (S.D. Fla. Feb. 2, 2007).  The proper approach when the IRS is sued is to treat the action as one brought against the United States.  Brewer, 435 F. Supp. 2d at 1178-79.  Thus, all claims against the Internal Revenue Service shall be dismissed with prejudice.

Brown's claims against John Doe and other unknown individuals in their official capacities are also subject to dismissal.  Such claims are "deemed to be against the sovereign if the judgment sought would, among other things, interfere with the public administration, or 'if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" Segal v Commissioner of IRS, No. 05-13278, 177 Fed. Appx.

————————————

[2](...continued)
against the Commissioner in his official or individual capacity.  Moreover, any monetary judgment in Brown's favor would have to paid by the United States itself, and any action taken would be performed on behalf of the IRS.  Therefore any claims against the Commissioner are really claims against the United States.  See Stafford v. Briggs, 444 U.S. 527, 542 n. 10, 100 S.Ct. 774 (1980); Ishler v. C.I.R., 442 F. Supp. 2d 1189, 1204 (N.D. Ala. 2006); Ray v. Lowder, No. 5:02-CV-316-OC-10GRJ2003 WL 695924 at * 2 (M.D. Fla. Mar. 4, 2003); Guzman v. Commissioner of Internal Revenue, No. 02-60754-CIV-ZLOCH, 2002 WL 31662300 at *1-2 (S.D. Fla. Oct. 17, 2002).

29, 30 (11th Cir. Apr. 13, 2006) (quoting <u>Dugan v. Rank</u>, 372 U.S. 609, 620, 83 S.Ct. 999, 1006 (1963)); <u>Caton v. Hutson</u>, No. 2:07-cv-32-FtM-34SPC, 2007 WL 4731010 at * 4 (M.D. Fla. Nov. 19, 2007) (same).  <u>See</u> <u>also</u> <u>Rosado v. Curtis</u>, 885 F. Supp. 1538, 1542 (M.D. Fla. 1995) ("A suit against the IRS employees in their official capacities is, in essence, a suit against the United States."); <u>Murrell v. Two Records Filed in Seminole County</u>, No. 6:01-CV-986-ORL19KRS, 2001 WL 1572273 at * 2 (M.D. Fla. Oct. 15, 2001) (same).  In this action, Brown asks the Court to reverse the IRS Trust Fund Penalty Liens levied against her property, to recover tax penalties and related interest "erroneously and illegally assessed and collected" from her, and for compensatory and punitive damages based on the allegedly improper liens and tax assessments.  (Doc. 1, ¶ 2, p. 10).  In order to award her the relief she seeks, the Court would be forced to interfere with the IRS's administration of the tax laws.  Therefore, Brown's claims against these unknown individuals are in reality claims against the United States and, as such, all claims against John Doe and other unknown individuals in their official capacities shall be dismissed with prejudice.

## II.   Subject Matter Jurisdiction

Once all improper parties are removed from the case, the only claims remaining are those asserted against the United States itself, and those asserted against the unknown government employees in their individual capacities.  A review of Brown's Complaint, as well as the applicable legal authority, establishes that the Court lacks subject matter jurisdiction over these claims.

## A.   Standard of Review

Motions that seek dismissal under Fed. R. Civ. P. 12(b)(1) based on an alleged lack of subject matter jurisdiction can be premised upon either a facial or factual challenge to the complaint. McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)).[3] In this case, the United States has limited its motion to a facial attack, based solely on the allegations of the Complaint. Under these circumstances, the standard of review is similar to that for a motion brought under Fed. R. Civ. P. 12(b)(6). The Court is required "merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

**B.    Sovereign Immunity**

The United States argues that this Court lacks subject matter jurisdiction under the doctrine of sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767 (1941) (citations omitted). All waivers of the nation's sovereign immunity must be "unequivocally expressed," and all expressed waivers will be strictly construed. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34, 112 S.Ct. 1011 (1992); Library of

_____

[3]The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Congress v. Shaw, 478 U.S. 310, 318, 106 S.Ct. 2957 (1986) ("In analyzing whether Congress has waived the immunity of the United States, we must construe waivers strictly in favor of the sovereign ... and not enlarge the waiver 'beyond what the language requires.' ") (citations omitted).  When it applies, sovereign immunity is "a complete bar to lawsuits" against the United States.  State of Fla., Dept. of Business Regulation v. U.S. Dept. of Interior, 768 F.2d 1248, 1251 (11th Cir.1985).  "The terms of the federal government's 'consent to be sued in any court define that court's jurisdiction to entertain the suit.'" JBP Acquisitions, LP v. United States, 224 F.3d 1260, 1264 (11th Cir. 2000) (quoting Sherwood, 312 U.S. at 586, 61 S.Ct. at 770).

     *1.    General Jurisdiction and Tax Statutes.*

Brown alleges the existence of subject matter jurisdiction under several statutes. Her reliance on 28 U.S.C. §§ 1331, 1343, and 1367 is misplaced, however, because all three statutes are merely general jurisdiction statutes and do not suffice to confer jurisdiction in the absence of an explicit waiver of immunity by the United States.   See Aloupis v. United States, 149 Fed. Appx. 889, 891 (11th Cir. Sep. 6, 2005); Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir. 1972); O'Brien v. United States, 18 F. Supp. 2d 1356, 1358 (N.D. Ga. 1998).[4]

---

[4]These decisions address the application of §§ 1331 and 1343.  The Court finds that the same analysis applies to § 1367, which confers general supplemental jurisdiction over state law claims, and does not constitute a waiver of sovereign immunity.

Brown's reliance on 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422, which provide a waiver of sovereign immunity for tax refund claims is equally unavailing.[5]  In order to establish a claim under these statutes, Brown must allege that:  (1) she paid the taxes allegedly owed; (2) she properly filed administrative claims for a refund; and (3) her refund claim has been denied.  Flora v. United States, 362 U.S. 145, 175-77, 80 S.Ct. 630 (1960); King v. United States, 789 F.2d 883, 884 (11th Cir. 1986) Roberts v. United States, 242 F.3d 1065, 1067 (Fed. Cir. 2001).  Brown does not specifically allege compliance with any of these prerequisites and therefore she has not established subject matter jurisdiction for her claims.  However, reading her Complaint and opposition papers in the most favorable light, and taking into account the lenient notice pleading standards applicable to *pro se* litigants at the motion to dismiss stage, see Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), Fed. R. Civ. P. 8(a), the Court finds that Brown may have a claim for a refund under § 1346(a)(1) for the tax period ending June 30, 2000, and will afford her an opportunity to properly allege such a claim for that tax period only.[6]

　　2.　　*42 U.S.C. § 1983 and Fourteenth Amendment.*

―――――――――――――

[5]26 U.S.C. § 1346(a)(1) provides that a civil action may be brought against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]" 26 U.S.C. § 7422(a) provides that such civil actions cannot go forward "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

[6]The United States admits that Brown has made all necessary payments with respect to the tax period ending June 30, 2000, and that sovereign immunity would be waived for a claim relating to that period.  (Doc. 3, p. 1 and ¶ 3; Doc. 8, p. 8).

In Counts I and II, Brown seeks redress and asserts jurisdiction under 42 U.S.C. § 1983 and the Fourteenth Amendment. Section 1983 authorizes suit against an official acting under color of state law who deprives an individual of his or her constitutional or statutory rights. See Broadway v. Block, 694 F. 2d 979, 981 (5th Cir. 1982). Because all of the Defendants are IRS employees or the United States itself, their actions are made under color of federal law, and Brown may not bring a §1983 claim against them. See Carman v. Parsons, 789 F. 1532, 1534 (11th Cir. 1986); Seibert v. Baptist, 594 F.2d 423, 429 (5th Cir. 1979); Mack v. Alexander, 575 F.2d 488, 489 (5th Cir. 1978); Parham v. Lamar, 1 F. Supp. 2d 1457, 1461 (M.D. Fla. 1998); Rosado v. Curtis, 885 F. Supp. 1538, 1543 (M.D. Fla. 1995). In addition, § 1983 does not contain an express waiver of sovereign immunity and thus does not provide a cause of action against the United States. Davis v. United States, 439 F.2d 1118, 1119 (8th Cir. 1971); Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998). These claims shall be dismissed with prejudice.

This same analysis applies to the extent Ms. Brown is attempting to sue the Defendants directly under the Fourteenth Amendment, which is directed at the States and applies only to conduct that can be characterized as "state action." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 925, 102 S.Ct. 2744 (1982). Thus, "only a State or a private person whose action 'may be fairly treated as that of the State itself,' may deprive [a person] of 'an interest encompassed within the Fourteenth Amendment's protection.'" Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157, 98 S.Ct. 1729 (1978) (citations omitted). Accordingly, the Fourteenth Amendment does not waive the United States's immunity (and

does not create a claim against federal employees) because it does not apply to federal action.  See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, 483 U.S. 522, 543, n. 21, 107 S.Ct. 2971, 2984, n. 21 (1987); Okpala v. Jordan, 193 Fed. Appx. 850, 852 (11th Cir. Aug. 11, 2006); Parham, 1 F. Supp. 2d at 1461; Orange Ridge, Inc. v. State of Florida, 696 F. Supp. 600, 603 (S.D. Fla. 1988).  See also States v. Timmons, 672 F.2d 1373, 1380 (the United States has not waived its sovereign immunity from liability for an award of damages arising from purported violations of constitutional rights by its agents).

     *3.*     *Florida Constitution Claims.*

In Counts III and VI, Brown seeks redress for alleged violations of her rights under the Florida Constitution and Florida Statutes.  Because the United States and the individual Defendants were acting under color of federal law, the Florida Constitution and Florida Statutes are inapplicable and do not provide a basis for subject matter jurisdiction. "Whenever the constitutional powers of the federal government and those of the state come into conflict, the latter must yield."  Florida v. Mellon, 273 U.S. 12, 17, 47 S.Ct. 265 (1927).  See also U.S. Const. Art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof. . . shall be the supreme law of the Land . . . .); Swift & Co. v. Wickham, 382 U.S. 111, 120, 86 S.Ct. 258 (1965) ("if a state measure conflicts with a federal requirement, the state provision must give way.").  Moreover, Brown has not pointed to any federal statute establishing that the United States has waived its sovereign immunity for lawsuits based on state constitutions and/or statutes.  Counts III and VI shall be dismissed with prejudice.

*4.    Common Law Tort Claims.*

Brown's fourth and fifth claims assert common law tort actions against the United States and various unknown IRS employees in their individual capacities. It is well-established that citizens may bring tort actions against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq* ("FTCA"). However, such claims can only be brought against the United States itself, not individual government employees, because an action against the United States under the FTCA is the exclusive remedy for injuries arising from any negligent or wrongful act or omission of a government employee acting within the scope of his or her employment. See 28 U.S.C. § 2679(b)(1); Matsushita Elec. Co. v. Zeigler, 158 F.3d 1167, 1169 (11th Cir. 1998); Bosset v. United States, 2008 WL 2971504 (M.D. Fla. July 9, 2008).[7] As such, Brown's tort claims against the unknown individual Defendants cannot go forward and are dismissed with prejudice.

---

[7]Brown argues in her opposition that the individual Defendants "did go outside the scope of their employment by willfully depriving the Plaintiff of due process and equal protection constituting an abuse of process which is protected under 28 U.S.C. § 2860(h)." (Doc. 9, p. 6). A careful review of the Complaint, as well as Brown's opposition brief, reveals that there are no allegations of any actions taken outside the scope of any individual Defendant's federal employment. The crux of Brown's claims is that these individuals called the wrong phone number for her due process hearing, mailed notices to the wrong address, gave her erroneous tax advice, and refused to settle her tax deficiency, thereby depriving her of a due process hearing before the tax liens were levied against her, and treating her differently from other persons who have tax deficiencies. (Doc. 1, ¶¶12-16, Doc. 9, pp. 6-7). Taking the most lenient reading possible, there is no way to interpret these allegations other than to say that they occurred within the scope of the individual Defendants' employment. Simply stating that constitutional rights have been violated has no bearing on whether a government employee violated those rights within or without the scope of employment. Moreover, the FTCA does not afford redress for violations of constitutional rights, and 28 U.S.C. § 2860(h) expressly exempts claims for abuse of process from the FTCA. Thus, the Court cannot conclude that Brown has alleged any survivable claims against the unknown individual government employees.

Although the FTCA usually does provide a waiver of the nation's sovereign immunity, Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir.2001), there is an exception to that waiver for tax-related claims.  Title 28 U.S.C. § 2680 states, in pertinent part, that the FTCA does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty . . . ."  28 U.S.C. § 2680(c).  This provision has been interpreted broadly, and its purpose is to protect the United States from suits arising out of any of its tax-related activities.  See Capozzoli v. Tracey, 663 F.2d 654, 657 (5th Cir. 1981) ("[I]n enacting Section 2680(c) of the FTCA, Congress intended to insulate the IRS from tort liability stemming from any of its revenue-raising activities."); Quickley v. United States, No. CIVA1:04CV1454-TWT, 2004 WL 2827880 (N.D. Ga. Oct. 20, 2004) ("[Section 2680(c) ] has been given a broad interpretation and applies to suits for damages stemming from activities undertaken to collect taxes.").  Brown's claims relate solely to the IRS's assessment of tax liabilities and penalties, as well as the levy of tax liens against her property - all clearly activities undertaken to collect taxes.  As such, her common law tort claims fall under the § 2680(c) exception to the FTCA's waiver of sovereign immunity, cannot go forward, and are dismissed with prejudice.  See Al-Sharif v. United States, 296 Fed. Appx. 740, 742 (11th Cir. Oct. 14, 2008); Bosset, 2008 WL 2971504 at *1; Ruetz v. Preiss, No. 6:07-CV-2006-BBM, 2008 WL 2201767 at * 3 (M.D. Fla. Apr. 2, 2008); Ishler

v. C.I.R., 442 F. Supp. 2d 1189, 1207 (N.D. Ala. 2006); Brantley v. District Director, NO. 3:00–CV-300-J-21-TJC, 2001 WL 1807625 at * 4 (M.D. Fla. Dec. 10, 2001).[8]

III.    Bivens Claims

Although Brown cites only to the Fourteenth Amendment in Counts I and II, under a liberal reading of her *pro se* Complaint it is possible to interpret those claims as also alleging violations of her due process and equal protection rights under the Fourth Amendment against the unknown individual Defendants in their individual capacities. See GM Leasing Corp. v. United States, 429 U.S. 338, 360, 97 S.Ct. 619, 632 (1977); Daniel v. U.S. Marshall Serv., 188 Fed. Appx. 954, 961-962 (11th Cir.2006); Rosado, 885 F. Supp. at 1543.[9]

Under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), a plaintiff generally may bring an action for damages against a federal employee in his or her individual capacity for a violation of her constitutional rights if she can show that:  (1) a constitutional right was violated by the federal employee; (2) the employee is sued in his or her individual capacity; and (3) no alternative way exists to seek relief for the constitutional violation.  As the United States correctly points out, however, in

---

[8]Brown's seventh claim is merely a request for punitive damages which is apparently tied to each of the six preceding claims without any separate legal basis.  Because Counts I through VI cannot go forward, her claim for punitive damages also fails and is due to be dismissed.

[9]This claim can only be alleged against the individual Defendants, as the United States has not waived sovereign immunity for claims alleging violations of the constitution.  Timmons 672 F.2d at 1380.

Brown's case no such claim exists because Congress has specifically provided an exclusive statutory remedy against the United States for wrongful tax assessment or collection efforts by IRS employees. See Caton, 2007 WL 4731010 at * 5; Parham v. Lamar, 1 F. Supp. 2d 1457, 1460 (M.D. Fla. 1998); Todd v. Richards, No. 94-0377-CIV-ORL-18, 1995 WL 363358 at * 3 (M.D. Fla. Mar. 13, 1995). See also 26 U.S.C. §§ 7432(a), 7433(a) (providing for private causes of action for damages where an employee of the IRS fails to release a lien on taxpayer property), and 26 U.S.C. § 7422 (authorizing suit for recovery of taxes alleged to have been erroneously assessed or collected).

The Supreme Court has declined to create a Bivens cause of action "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." Schweiker v. Chilicky, 487 U.S. 412, 423, 108 S.Ct. 2460, 2468 (1988). The Internal Revenue Code's provisions applicable to this case establish just such a remedial mechanism. The availability of adequate statutory avenues for relief therefore forecloses any attempts by Brown to set forth a Bivens action against the unknown individual Defendants for alleged constitutional violations with respect to the collection and assessment of taxes.[10] See Al-Sharif, 296 Fed. Appx. at 741-42.[11]

---

[10]As discussed above, any attempt by Brown to now recast these claims as relating to actions outside the scope of the unknown individual defendants' employment fails due to a lack of any allegations or argument establishing such a theory.

[11]The United States urges dismissal of Brown's Bivens claims because she has failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6). The United States has already filed an
(continued...)

The United States's motion to dismiss shall be granted.

## The United States' Motion to Amend Counterclaim

The United States's original counterclaim alleges that Brown willfully failed to collect, truthfully account for, and/or pay over the federal trust fund employment taxes of Safe Deposit, Inc. for the tax periods ending June 30, 2000, December 31, 2000, and March 31, 2001. (Doc. 3, ¶ 7). As a result, on April 16, 2001 a delegate of the Secretary of the Treasury of the United States made an assessment pursuant to 26 U.S.C. §§ 6671 and 6672 in the amount of $30,924.16 against Brown for the trust fund portion of the unpaid federal employment taxes for Safe Deposit, Inc. for the tax period ending June 30, 2000. (Doc. 3, ¶ 8). Two more assessments were made on April 21, 2003 in the amount of $6,322.79 for the tax period ending December 31, 2000, and in the amount of $6,889.61 for the tax period ending March 31, 2001. (Id., ¶ 9). As of May 19, 2008, Brown owes, after application of all payments and credits, a total of $45,118.55, plus interest and statutory additions. (Id., ¶ 11).

On April 9, 2009, the United States filed its motion to amend its counterclaim to clarify that the assessments against Brown also include the tax period ending June 30, 1999 through June 30, 2000. (Doc. 15). The United States contends that the amendment

---

[11](...continued)
Answer, which did not include the affirmative defense of Rule 12(b)(6) (Doc. 3). Therefore, the Court cannot address this argument in the context of a motion to dismiss, and will instead consider this portion of the United States's motion as a request for judgment on the pleadings. See Fed. R. Civ. P. 12(c), (h)(2).

will not cause undue delay and was not made in bad faith, and that its only purpose is to clarify the tax periods at issue. The United States further contends that Brown will not suffer any prejudice, because all discovery to date has included the June 30, 1999 through June 30, 2000 tax periods. More importantly, the United States makes clear that this amendment will not affect the alleged balance due and does not change the amount of the assessment against Brown.

Brown opposes any amendment to the United States' counterclaim, arguing that she will be prejudiced because discovery has been completed, and because the United States has stated that if amendment is not permitted, it will be forced to file a separate cause of action to reduce to judgment the tax assessments for the tax period June 30, 1999 through June 30, 2000.[12] (Doc. 16). Brown further argues that the tax liens filed against her are invalid and erroneous, were levied without any due process of law, and are based on mathematical errors and omissions and, as such, the United States should not be given leave to correct its counterclaim.

The Court does not find Brown's arguments - which are essentially a repetition of her challenges to the merits of the United States's counterclaim - sufficient to establish that she will suffer any prejudice by virtue of the United States's requested amendment. The United States merely seeks leave to clarify the tax periods at issue in this case - there is no request to amend the amounts of the tax assessments or any other mathematical

---

[12]Apparently Ms. Brown believes that the very fact that the United States would file a separate cause of action against her demonstrates that she is being prejudiced.

calculation. Moreover, Brown has not challenged the United States's assertion that she has already been provided with all discovery relating to the tax period June 30, 1999 through June 30, 2000.[13] Accordingly, and in light of the liberal standard of Fed. R. Civ. P. 15(a)(2) to "freely give leave when justice so requires," the Court will grant the United States's motion to amend its counterclaim. See also <u>Forman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

### The United States' Motion for Summary Judgment

The United States has moved for summary judgment on its amended counterclaim, which seeks to reduce to judgment the balance of Brown's unpaid trust fund recovery liabilities for the tax periods June 30, 1999 through June 30, 2000, December 31, 2000, and March 31, 2001. The United States argues that there are no genuine issues of material fact, and, as a matter of law, Brown willfully failed to collect, truthfully account for, and pay over to the United States payroll taxes for Safe-Deposit, Inc.

In response, Brown argues that material issues of fact exist on the question of whether her actions were willful. She also requests a continuance of the summary judgment proceedings under Fed. R. Civ. P. 56(f) in order to take the "crucial" deposition of IRS Revenue Agent Richard Hanauer. Brown admits that she has known of Hanauer throughout the discovery process, but did not previously take his deposition because counsel for the United States told her that Hanauer did not have any information that would

---

[13]Indeed, Brown raises the June 30, 1999 through June 30, 2000 tax period in her own Complaint, challenging the assessments made during that tax period. (Doc. 1, ¶¶ 7-8).

be relevant to this case. (Doc. 17, p. 6). Brown has submitted an Affidavit in which she avers that Hanauer was aware of her hardships which prevented her from paying the payroll taxes on time. (Doc. 19, p. 6). It appears from her motion and Affidavit that she would use Hanauer's deposition testimony to establish that her failure to pay payroll taxes was not willful, and that the IRS was unwilling to resolve her tax dispute absent litigation.

The United States urges the Court to deny Brown's request because: (1) the Court set the discovery deadline for February 13, 2009; (2) Brown fully participated in the discovery process and has been aware of Hanauer's relevance to this case since at least August 27, 2008; (3) Brown had ample opportunity to take Hanauer's deposition, but never requested to do so; (4) all information relating to Hanauer has already been disclosed to Brown in the form of her IRS administrative file and interrogatory responses, therefore his deposition will not provide any additional relevant information; (5) whether or not Hanauer was aware of Brown's purported hardships is not relevant to the question of whether, as the responsible person for Safe-Deposit, Inc., Brown willfully failed to pay the payroll taxes at issue; and (6) Brown failed to confer with the United States pursuant to Local Rule 3.01(g) prior to requesting additional discovery.

The grant or denial of a request for a continuance and additional discovery under Rule 56(f) is within the sound discretion of this Court. <u>Barfield v. Brierton</u>, 883 F.2d 923, 931 (11th Cir. 1989) (citations omitted). Based on the circumstances of this case, the Court finds that Brown's request should be granted. Brown is defending the United States's counterclaim without the benefit of any legal representation, and if the United

States prevails, she stands to suffer great financial harm. She alleges that counsel for the United States told her that Hanauer's deposition was not necessary (a fact notably not refuted by the United States), and that she relied on that representation. Brown is not seeking permission to engage in a fishing expedition, but merely to take a single deposition of an individual directly involved in the relevant facts and circumstances of this case, and there are no allegations that a brief continuance will prejudice the United States. Moreover, the Court is already permitting the United States to extend the case management deadlines to amend its counterclaim four months after the completion of discovery. Under these facts, the Court will hold the United States's motion for summary judgment in abeyance pending the completion of Hanauer's deposition.

## Conclusion

Accordingly, upon due consideration, it is hereby ORDERED as follows:

(1)    The United States of America's Motion to Dismiss (Doc. 8) is GRANTED. All claims set forth in Plaintiff Terri Lynn Brown's Complaint (Doc. 1) against Defendant Commissioner of Internal Revenue Services are DISMISSED WITH PREJUDICE. All claims against John Doe and Others Yet Unknown to the extent they are brought against these individuals in their official and individual capacities are DISMISSED WITH PREJUDICE. To the extent Brown alleges a tax refund claim against the United States under 26 U.S.C. § 1346(a)(1) for the tax period ending June 30, 2000, that claim is

DISMISSED WITHOUT PREJUDICE. All other claims against the United States are DISMISSED WITH PREJUDICE.

(2) Within twenty (20) days from the date of this Order, if she so wishes to do so, Brown may file an amended complaint for the sole and singular purpose of alleging a tax refund claim under 26 U.S.C. § 1346(a)(1) for the tax period ending June 30, 2000. Failure to file an amended complaint within this time period will result in the entry of an order and judgment of dismissal with prejudice without further notice. The United States shall file its answer or otherwise response to the amended complaint within the time limits set forth in Fed. R. Civ. P. 15(a)(3).

(3) The United States of America's Motion for Leave to File An Amended Answer and Counterclaim (Doc. 15) is GRANTED. The Amended Answer and Counterclaim attached to the Motion shall be deemed filed with the Court as of the date of this Order.

(4) Brown's Request for Additional Discovery pursuant to Fed. R. Civ. P. 56(f) (Doc. 17) is GRANTED. The United States's Dispositive Motion for Summary Judgment (Doc. 13) shall be held in abeyance pending the conclusion of discovery. The Parties are directed to confer and agree upon a mutually convenient date, time, and location to conduct IRS Revenue Agent Richard Hanauer's deposition. The deposition shall be completed within forty-five (45) days from the date of this Order. Within twenty (20) days from the conclusion of Hanauer's deposition, Brown shall file a supplemental response in opposition to the United States's motion for summary judgment. Within fifteen (15) days after Brown files her supplemental response, the United States may file a reply brief of no

more than ten (10) pages.  No extensions of any discovery or filing deadlines shall be granted.

(5)     The Clerk is directed to remove this case from the trial calendar commencing August 3, 2009.  The Court will reschedule this case for pretrial conference and trial if necessary and appropriate.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 10th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record